THOMAS L. FREELAND, admr., v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 11 December, 1907).

Railroads—Employer and Employee—Negligence—Brakeman—Safe Place to Work—Verdict.

It was the duty of defendant railroad company to furnish plaintiff's intestate, its brakeman, a relatively safe place to walk over its freight train in the discharge of his duties; and when the jury found, under a correct charge of the Judge, that such was not done, and that, on that account and as the proximate cause, the plaintiff's intestate fell from the train, on a dark night, and was killed, a verdict awarding damages will not be disturbed.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury, at July Term, 1907, of the Superior Court of MECKLENBURG County.

Judgment for plaintiff. Defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*J. D. McCall* and *Brevard Nixon* for plaintiff.
*W. B. Rodman* and *L. C. Caldwell* for defendant.

CLARK, C. J.   The plaintiff's intestate was a brakeman on the defendant's freight train.   It was his duty, upon leaving a station, to go over the top of the train of cars, from one end to the other, while the train was running, to see that all brakes were off and properly adjusted.   While discharging this duty, in the night time, he fell off the train and was killed.   There was in the train that night an empty "Armes palace horse car," which was built with a round top and several inches higher than the other freight cars in the train. It had no walkway on top like that on other freight cars.   It was built to handle on passenger trains.   Under the rules or custom of the company, cars of that kind were required to be placed at the end of the freight train, just ahead of the caboose at the rear.   But on this occasion this round-top "palace car," which was empty, was placed in the middle of the train of loaded cars, and the brakeman, in going along over the top of his train while in motion, fell off said car, striking his head against the end of a crosstie, and was killed.

The charge of the court was full and complete, and was not excepted to.   The question was fairly submitted to the jury, whether placing the round-top, higher and empty car, whose top was "built like a passenger car," in the middle of the train of loaded cars, contrary to the rule or custom of the company, was the proximate cause of the death of the intestate, and whether he contributed to his own death.   There are numerous exceptions to evidence, to special prayers for instruction which were given at request of the plaintiff, and for refusal of certain of the requests of defendant to charge.

After full and careful scrutiny, we find no error in any of the particulars alleged.   It was almost entirely an issue of fact for the jury, and no good purpose can be attained by setting out and passing upon each exception *seriatim*.   There

was no serious conflict in the evidence, and the charge was careful, clear and full. It was the duty of the defendant to give its employees a safe walkway over the tops of the cars. This car, being an empty one, among heavily loaded cars, made it unsteady. Being higher and with a round top, it could not have a walkway like the flat-top freight cars, and it was perilous to get on it, or off it, to and from the other steadier and lower cars. The jury found, under the careful charge of the court, that this was the cause of the death of plaintiff's intestate.

No Error.